IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENELL CAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>E. CORTER, et al.,<br><br>    Defendants. | No. 2:23-CV-0018-WBS-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel. See ECF No. 25.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff asserts that appointment of counsel is warranted because: (1) he is indigent; (2) he is incarcerated; (3) a trial in this case will require counsel to conduct cross-examination and present evidence; and (4) Plaintiff takes anti-psychotic and anti-depressant medications.  See ECF No. 25.  The Court finds that these are largely typical and not exceptional circumstances.  As to Plaintiff's mental status, while Plaintiff states that he is not entirely functional due to conditions which require him to take medication, and while Plaintiff has attached documentation confirming that he has been prescribed medication, Plaintiff has not provided the Court with any information indicating how his ability to proceed is adversely affected.  Further, the Court does not find that the issues presented in this case are complex factually or legally.  Finally, with the assistance of a jailhouse advocate, Plaintiff has been able to articulate his claims on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 25, is denied.

Dated:  February 21, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE